**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JAMES M.J. LATTIMORE,<br><br>*Plaintiff*,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:26-cv-351<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Jill E. McCook |

---

**MEMORANDUM OPINION**

---

On August 5, 2026, this Court entered a Memorandum and Order granting Plaintiff, at that time a prisoner housed at the Northeast Correctional Complex ("NECX"), leave to proceed *in forma pauperis* in this prisoner's civil rights action and providing him with twenty-one (21) days within which to submit completed service packets for Defendants (Doc. 6). The envelope bearing the Court's Memorandum and Order was returned as undeliverable on August 17, 2026, with a notation that Plaintiff was no longer at NECX (Doc. 9). On the same date, Plaintiff telephoned the Clerk's Office, informed a staff member that he had been released from custody, and provided an updated address. The Plaintiff was instructed to file a written Notice of Change of Address, and the Clerk's Office remailed a copy of the Court's August 5, 2026, Memorandum and Order to Plaintiff's updated address. However, more than twenty-one (21) days have passed since the Plaintiff's last communication with the Court, and he has not filed a written Notice of Change of Address or returned his completed service packets.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City*

*of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) "is available to the district court as a tool to effect management of its docket" and to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co*., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005)).

Applying these rules requires the Court to dismiss this action. Plaintiff has willfully failed to comply with the Court's Order and Local Rule 83.13, which requires pro se parties to file a Notice of Change of Address with the Clerk within fourteen (14) days of any change of address. E.D. Tenn. L.R. 83.13. And Plaintiff was expressly warned that failure to timely return his service packets would result in the dismissal of this action. (*See, e.g.*, Doc. 6, at 12.) "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Orders. And given his noncompliance, the Court is without a means to move this case forward. Accordingly, the Court will **DISMISS** this

action without prejudice for failure to prosecute and comply with an Order of the Court. *See Rodriguez*, 62 F.4th at 277.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis. See id.*

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**